# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 5753 & 07 C 5754 | **DATE** | 8/24/2011 |
| **CASE TITLE** | United States vs. James R. Skryzypek and Janice M. Skrzypek | | |

**DOCKET ENTRY TEXT**

The certificate of appealibility is denied.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

In 2002, petitioners James and Janice Skrzypek were convicted of defrauding the Chicago Housing Authority and the IRS of millions of dollars. In 2007, after the conclusion of their direct appeal, petitioners filed a § 2255 motion, which was later amended, raising several issues. One them concerned an alleged illegal search of their home on the day of their arrest. With regard to this issue, petitioners filed a motion for production of documents. *See* Docket # 64 in No. 07 C 5753. On April 20, 2010, Judge Andersen issued a 32-page memorandum opinion denying petitioners' § 2255 motion. As part of his ruling, Judge Andersen also denied the motion seeking documents relating to the alleged search of petitioners' home. (Docket # 88 at p. 24-27.) He stated: "The Skrzypeks ask this Court to order the production of documents related to allegedly illegal searches, but there is no evidence that any such searches occurred or that any such documents exist, let alone any evidence supporting the inference that such documents would show that the Skrzypeks are entitled to relief." (*Id.* at 27.) Thereafter, petitioners filed a motion to alter or amend judgement pursuant to Rule 59(e) asking Judge Andersen to stay his ruling because petitioners had, several months earlier, filed a lawsuit in the United States District Court for the District of Columbia in which they were seeking documents relating to the alleged search of their home on the day of the arrest. (Docket # 90.) On May 27, 2010, Judge Andersen denied the request referring back to his prior ruling, which is quoted above. (Docket # 91 at p. 2.) Petitioners then filed a notice of appeal regarding the orders denying their § 2255 motions and their motion to stay.

While their appeal to the Seventh Circuit was pending, petitioners filed a motion in this Court – entitled – "Petitioners' Rule 60(b)(2) Motion For Newly Discovered Evidence And Motion For Evidentiary Hearing Pursuant To Rule 8 Of The Rules Governing § 2255 Proceedings For The United States District Court" (hereinafter, the "Motion"). In the Motion, petitioners again raised the issue about documents relating to the search of their home on the day of arrest. Petitioners indicated in the Motion that this issue was currently the subject of an appeal pending in the Seventh Circuit as well as a separate appeal in the D.C. Circuit (Case No. 10-5430). In light of these representations, at the first status hearing, this Court denied the

| STATEMENT |
|---|
| motion in open court because the same issue about the search of the home on the day of the arrest was then being considered by two federal appellate courts. This Court sought to avoid a conflict with these two courts. Moreover, this Court did not see how it would have jurisdiction over the motion because it was a second or successive § 2255 motion, which meant petitioners would have to first obtain certification from the court of appeals. *See* 28 U.S.C. § 2255(h). That it was a second motion was evidenced by, among other things, reference in the title of the motion to the rules governing § 2255 motions. Although petitioners are *pro se* litigants, they are experienced litigants and have previously indicated in their earlier filings that they are well aware of the rule on filing second or successive § 2255 motions. *See* Docket # 70 at p. 6, n. 2. For these reasons, this Court denies the request for a certificate of appealibility finding that petitioners have not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). |